*1545 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered Nov. 26, 2014) to review a determination, after a tier III hearing, that petitioner had violated various inmate rules.
It is hereby ordered that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling those parts of the determination finding that petitioner violated rules 100.10 (7 NYCRR 270.2 [B] [1] [i]) and 107.20 (7 NYCRR 270.2 [B] [8] [iii]) and vacating the recommended loss of good time, and as modified the determination is confirmed without costs, respondents are directed to expunge from petitioner’s institutional record all references to the violation of those rules, and the matter is remitted to respondents for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking review of a determination following a tier III disciplinary hearing that he violated the following disciplinary rules: 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]); 100.10 (7 NYCRR 270.2 [B] [1] [i] [assault on inmate]); 103.20 (7 NYCRR 270.2 [B] [4] [ii] [soliciting]); 113.25 (7 NYCRR 270.2 [B] [14] [xv] [drug possession]); 113.30 (7 NYCRR 270.2 [B] [14] [xx] [possession of unauthorized UCC materials]); 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]); 107.20 (7 NYCRR 270.2 [B] [8] [iii] [false statements or information]); 105.13 (7 NYCRR 270.2 [B] [6] [iv] [gangs]); 102.10 (7 NYCRR 270.2 [B] [3] [i] [threats]); 180.10 (7 NYCRR 270.2 [B] [26] [i] [facility visitation violation]); and 180.11 (7 NYCRR 270.2 [B] [26] [ii] [facility correspondence violation]). Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g).
Respondents correctly concede that the alleged violations of disciplinary rules 100.10, i.e., assault on inmate, and 107.20, i.e., false statements, are not supported by substantial evidence (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]), and we therefore modify the determination accordingly. Inasmuch as the hearing officer recommended six months’ loss of good time, and as the record does not reflect the relationship between those violations and the recommendation, we further modify the determination by vacating the recommended loss of good time, and we remit the matter for reconsideration of that recommendation (see Matter of Holmes *1546 v Fischer, 114 AD3d 1158, 1159 [2014]). Because the other penalties have been served, we need not remit the matter with respect to those penalties (see id,.).
We reject petitioner’s contention that the remaining violations are not supported by substantial evidence (see generally Vega, 66 NY2d at 139). Those violations were supported by, inter alia, the misbehavior report, the testimony of the reporting officer and another employee, and documentary evidence, including several letters mailed by petitioner arranging for illegal drugs to be smuggled into the facility and discussing gang activity. We have reviewed petitioner’s remaining contentions and conclude that none warrants reversal or further modification.
Present — Scudder, P.J., Smith, Sconiers, Valentino and DeJoseph, JJ.